1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10

11    SUZANNE STEINMEIR,                    Case No.: 18-CV-1603-JM-WVG
12                            Plaintiff,
                                           **ORDER ON DISCOVERY DISPUTE**
13    v.

14    COUNTY OF SAN DIEGO, et al.,

15                            Defendants.

16

17         On August 20, 2019, the Parties telephonically appeared before this Court for a

18    conference regarding the Parties' dispute over four subpoenas that Deputies Frank Leyva

19    and Kenneth Edwards ("Defendants") issued to obtain Plaintiff's records. In relevant part,

20    the Parties disagreed over whether subpoenaed entity Riverside County Jail should produce

21    to Defendants certain audio recordings between Plaintiff and her spouse during her

22    spouse's incarceration in 2017. The Court responded to the Parties' dispute over this matter

23    in its August 20, 2019 order (Doc. No. 31), granting Plaintiff the opportunity to submit

24    briefing regarding the marital privilege and its application to the jailhouse communications

25    between Plaintiff and her spouse. The Court's order was clear that Plaintiff was to file this

26    briefing no later than September 9, 2019. Plaintiff made no such filing.

27         Since then, the Court received and has randomly selected and listened to a number

28    of the more than 300 subpoenaed audio recordings provided by the Riverside County Jail.

The Court finds that the selected recordings are not relevant but also not privileged. Each time Plaintiff and her spouse called one another during Plaintiff's spouse's incarceration, a pre-recorded admonition from Riverside County Jail played that advised both parties that their calls would be monitored. Further, at various points during their phone conversations, Plaintiff and/or her spouse remarked that they were being listened to. Thus, Plaintiff and her spouse both articulated that they did not expect that their conversations would be treated as private.

Consistent with Plaintiff's understanding, the Court finds that the audio recordings are not protected by the marital communications privilege. See generally *United States v. Van Poyck*, 77 F.3d 285-290 (9th Cir. 1996) [defendant did not have a reasonable expectation of privacy in outbound phone calls made from jail]; *Watson v. Albin*, 2008 WL 2079967 at \*\*2-4 (N.D. Cal. 2008) [rejecting defendant's argument that the marital communications privilege applies to phone calls from prison phones].

As a threshold matter, because the selected recordings are not relevant, they are not subject to production under Federal Rule of Civil Procedure 26(b)(1). Concurrently, however, because the Court did not listen to most of the recordings, there is still the potential that relevant recordings exist, which would necessarily be subject to production. Under these circumstances, the Court finds that the Parties are entitled to production of the recordings for purposes of analyzing their contents for relevance. To that end, the Court holds that there is no genuine dispute as to whether the audio recordings should be produced or withheld under the marital communications privilege because it is well settled that spousal jailhouse communications are not privileged.

**IT IS SO ORDERED.**

Dated:  September 30, 2019

Hon. William V. Gallo
United States Magistrate Judge

18-CV-1603-JM-WVG